IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JANAY JONES,
        Plaintiff,

v.                                      Civil Action No. 3:22cv558

AMERICAN HONDA MOTOR CO., INC.,
        Defendant.

## OPINION

In June 2022, Janay Jones bought a car from Acura of Laurel. She applied for credit to finance the purchase. One week after purchasing the car, Jones notified the defendant, American Honda Motor Co., Inc. ("AHMC"),[1] that it had failed to make certain required disclosures during the transaction, and that she was exercising her right to rescind her credit application, void the transaction, and keep her car pursuant to the Truth in Lending Act ("TILA") and its implementing regulation, Regulation Z.[2] After sending two more notices, Jones sued AHMC, asserting that because AHMC did not make certain required material disclosures, she had a right to rescind the transaction and keep the car.

AHMC now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the right of recission does not apply to this transaction, and that Jones named the wrong defendant in this case.[3] Both parties have moved to strike briefs the other party filed in

---

[1] Jones named AHMC as the defendant in this case because Honda's website lists Acura as one of its brands.

[2] Although Jones primarily refers to the right of recission under Regulation Z, 12 C.F.R. § 1026.23, she also refers to TILA as a basis for that right. Accordingly, the Court will consider Jones's claim in the context of the right of recission under both TILA, 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 1026.23.

[3] AHMC argues that Jones incorrectly named it as a defendant in this action, and that the American Honda Finance Corporation ("AHFC") "is the proper defendant for this matter"

response to the motion. Finally, Jones has filed an emergency motion for an order against the defendant to retrieve her car from the repossession company while the case proceeds. The Court will deny the motions to strike briefs. The Court will grant AHMC's motion to dismiss because the right of recission does not apply to Jones's purchase of the car. And it will deny Jones's emergency motion as moot because the ruling on the motion to dismiss means the case will not proceed.

## I. FACTS ALLEGED IN THE COMPLAINT

Jones purchased an Acura MDX from Acura of Laurel on June 13, 2022. She completed a credit application as part of the purchase.[4] The application indicated that her information "may be submitted to . . . American Honda Finance Corporation." (ECF No. 1-2, at 2.) Jones contends that she "did not apply for a loan, [and] instead applied for the extension of credit." (ECF No. 1, at 7.) AHMC "never explained to [Jones] the use of credit or what the extension of credit entailed." (ECF No. 1-1, at 1.) AHMC also "failed to deliver to [Jones] copies of any general disclosures and the notice of the right to rescind." (ECF No. 1, at 7.)

On June 20, 2022, Jones mailed AHMC a "Notice of the Right to Rescind," stating that she was rescinding the transaction because AHMC had violated her consumer credit rights. The

---

because the Retail Sales Installment Contract Jones signed assigned Acura of Laurel's "interest in the contract to . . . AHFC." (ECF No. 10, at 5 & n1.) Jones, however, insists that she meant to name AHMC—not AHFC—as the sole defendant in this case. Because Jones has failed to plead facts sufficient to survive AHMC's motion to dismiss regardless of the named defendant, the Court will not address this argument. For consistency, however, the Court will refer to the defendant as "AHMC."

[4] Jones attached a copy of her credit application to her Complaint. She contends that her claim relates to the credit application and not the Retail Sales Installment Contract she signed, which AHMC attached to its motion and relied on in its briefs. The Court cannot read most of the terms of the credit application due to the low quality of the photocopy. But the Court need not resolve this dispute because, as explained below, neither 15 U.S.C. § 1635 nor 12 C.F.R. § 1026.23 applies at any step of this transaction.

notice demanded that AHMC return all of her property, including her original credit application and title for her vehicle; "cancel and terminate the security interest that has risen" from the sale; release the loan "since [Jones] did not apply for a loan, [but] instead . . . applied for the extension of [her] own credit"; and "remov[e] . . . [her] information from [AHMC's] website, company records, or any and all derivatives therefore, of, and/or with any affiliates." (ECF No. 1-3, at 3-4.) Jones again sent the notice to AHMC on July 18, 2022, as a "Notice of Default-Opportunity to Cure," and sent AHMC a third "Notice of Default" on August 8, 2022.

On August 17, 2022, Jones filed this action, asserting that the defendant violated TILA and its implementing regulation, Regulation Z, because AHMC failed to deliver material disclosures and, therefore, that she had a right to rescind the transaction pursuant to TILA and 12 C.F.R. § 1026.23.

## II. MOTIONS TO STRIKE

### A. Jones's Motion to Strike (ECF No. 16)[5]

As an initial matter, Jones has moved to strike AHMC's reply to the motion to dismiss. Jones argues that AHMC's brief "contains pleadings that are redundant" and "introduce[s] superfluous matters into their intended answer with no evidence." (ECF No. 16, at 2.) In other words, Jones argues that the Court should strike AHMC's reply brief because it repeats AHMC's arguments from its earlier brief and does not set forth a legal basis for dismissing her claim.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion

---

[5] Based on the substance of the filing, the Court has interpreted the document filed by Jones titled "Motion to Strike Defendant's Reply Brief" as both a motion to strike and a sur-reply to AHMC's motion to dismiss. Thus, the Clerk has filed the brief as two separate docket entries. (*See* ECF Nos. 16, 17.)

3

of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)). "[I]t is a 'generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant.'" *Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.*, 709 F. Supp. 2d 432, 437 (E.D. Va. 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004)). Moreover, Local Civil Rule 7 permits a moving party to file a reply brief after the opposing party has filed a response brief. *See* E.D. Va. Local Civ. R. 7(F)(1). The Federal Rules and this Court's Local Rules, therefore, give the moving party the right to file two briefs—one in support of its motion and one in reply to any arguments raised by the opposing party in its response brief.

Jones contends that AHMC's reply brief repeats arguments from its memorandum in support of its motion to dismiss, making the reply brief redundant. But the Rules permitted AHMC to file a reply brief responding to Jones's response in opposition, and nothing prohibited AHMC from reiterating arguments it had made in an earlier, related filing. Further, Jones has not explained how AHMC's reply brief has prejudiced her beyond her disagreement with the arguments, nor has she established any other reason for the Court to grant this "drastic remedy." *Waste Mgmt. Holdings*, 252 F.3d at 347. Put another way, AHMC's reply brief comports with the Court's Local Rules and does not prejudice Jones. Accordingly, the Court will deny Jones's motion to strike.

### B. AHMC's Motion to Strike (ECF No. 18)

AHMC moves to strike Jones's sur-reply to AHMC's motion to dismiss because the "[l]ocal rules do not allow for the filing of a sur-reply brief without leave of Court[, and] . . . the

4

Court did not provide leave for Plaintiff to file a sur-reply." (ECF No. 19, at 2.) Indeed, this Court's Local Rules contemplate that briefing on a motion will proceed in three parts—the motion and memorandum in support filed by the movant, a brief in opposition filed by the opposing party, and a reply brief in response to the opposition brief filed by the movant. *See* E.D. Va. Local Civ. R. 7(F)(1). "No further briefs or written communications may be filed without first obtaining leave of Court." *Id.* Further, although the Court holds *pro se* litigants to less stringent pleading standards, *see, e.g., Estelle v Gamble*, 429 U.S. 97, 106 (1976), the Court nevertheless requires such litigants to follow this Court's Local Rules, *see* U.S. Dist. Ct. for the E.D. Va, *Pro Se Reference Handbook* 2, 6 (Nov. 1, 2017) (rev. July 26, 2022), https://www.vaed.uscourts.gov/sites/vaed/files/EDVACOMPLETEProSeHandbook_7-26-22.pdf. Here, Jones failed to comply with the Court's Local Rules and filed a sur-reply without leave of court.

Nevertheless, the Court will accept Jones's filing. It does not prejudice AHMC; Jones largely repeats her arguments for why the Court should deny the motion to dismiss and ultimately resolve this case in her favor, and her new arguments add nothing that would save her claim. For the reasons set forth below, Jones grounds her claim in a statutory provision and regulation that do not apply to this transaction. In her sur-reply, Jones does not assert any other grounds for bringing this case or point to facts alleged that would satisfy the requirements to rescind a transaction under TILA and Regulation Z. Thus, nothing in the sur-reply changes the Court's conclusions.

### III. THE DEFENDANT'S MOTION TO DISMISS (ECF No. 9)

Jones asserts one claim against AHMC: that because AHMC failed to make certain material disclosures in the time required by TILA and Regulation Z, she has a right to rescind the

5

contract. AHMC has moved to dismiss the complaint pursuant to Rule 12(b)(6) because (1) AHMC did not acquire an interest in Jones's principal dwelling, so the right of recission under TILA and Regulation Z does not apply; and (2) Jones named the wrong defendant in her complaint. Because the right of recission only applies when, unlike here, the transaction involves a security interest in a consumer's principal dwelling, the Court will grant AHMC's motion to dismiss.

### A. Dismissal Standard

A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the evidentiary merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must therefore state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears *pro se*, as Jones does here, courts do not expect her to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe *pro se*

complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* Courts do not need to discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### B. *Right of Recission*

Jones bases her claim on the right of recission under TILA, 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 1026.23. When interpreting the meaning of a statute, "[t]he general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language (the Plain Meaning Rule)." *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001); *see Gilbert v. Residential Funding LLC*, 678 F.3d 271, 276-77 (4th Cir. 2012) (applying the Plain Meaning Rule). Courts must likewise look to the text of a regulation to interpret its meaning. *See Gilbert*, 678 F.3d at 276. "The Supreme Court has repeatedly emphasized the importance of the plain meaning rule, stating that if the language of a statute or regulation has a plain and ordinary meaning, courts need look no further and should apply the regulation as it is written." *Id.* (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989)). The Court's analysis, therefore, begins and ends with the plain language of the statute and regulation on which Jones bases her claim.

TILA gives an "obligor . . . the right to rescind a [consumer credit] transaction" under certain circumstances when "a security interest . . . is or will be retained or acquired ***in any property which is used as the principal dwelling*** of the person to whom credit is extended." 15 U.S.C. § 1635(a) (emphasis added). Regulation Z provides that, "[i]n a credit transaction in which a security interest is or will be retained or acquired ***in a consumer's principal dwelling***, each consumer whose ownership interest is or will be subject to the security interest shall have

7

the right to rescind the transaction." 12 C.F.R. § 1026.23(a)(1) (emphasis added). "The right of rescission applies only to the addition of the security interest and not the existing obligation." *Id.* If the consumer timely invokes her right to rescind the credit transaction and follows the procedures set forth in the statute and implementing regulation, "the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge." *Id.* § 1026.23(d)(1); *see* 15 U.S.C. § 1635(b) ("[W]hen an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission.").

The relevant provisions of TILA and Regulation Z also make clear that the right of recission applies only when the security interest retained in the transaction "is or will be . . . a consumer's principal dwelling." 12 C.F.R. § 1026.23(a)(1); *see* 15 U.S.C. § 1635(a). Nowhere does Jones allege that her credit application or the underlying transaction involved a security interest in her principal dwelling. Instead, Jones argues that the right of recission applies here because "[t]he amendments to the Truth in Lending Act that took place Sept 30, 1995, appl[y] to *all* consumer credit transactions, not only those involving a lien on a consumer's principal dwelling"; and specifically, because "according to 15 U.S.C. 1635 – Right of recission as to certain transactions section (4)Applicability, it states the following: 'This subsection shall apply to *all* consumer credit transactions in existence of consummated on or after September 30, 1995.'" (ECF No. 14, at 9.) In other words, Jones relies on 15 U.S.C. § 1635(i)(4) to establish that the right of recission exists for any consumer transaction taking place on or after that date.

The Court, however, cannot read § 1635(i)(4) in isolation. "To determine a statute's plain meaning, we not only look to the language itself, but also 'the specific context in which

8

that language is used, and the broader context of the statute as a whole.'" *In re Total Realty Mgmt., LLC*, 706 F.3d 245, 251 (4th Cir. 2013). 15 U.S.C. § 1635(i)—the provision subsection (4) falls under—describes "[r]ecission rights in [a] foreclosure" available "after the initiation of any judicial or nonjudicial foreclosure process on the primary dwelling of an obligor securing an extension of credit." 15 U.S.C. § 1635(i)(1). Jones's claim relates to disclosures made during the purchase of a car, not a foreclosure process for a primary dwelling. Thus, the plain reading of that provision establishes that subsection (i) applies only to transactions made on or after September 30, 1995, involving in a foreclosure proceeding. Moreover, even if the Court read § 1635(i)(4) to apply to § 1635 more broadly, subsection (a) makes clear that the right of recission applies only to credit transactions where the creditor has a security interest in the consumer's principal dwelling. *See* 15 U.S.C. § 1635(a). As the explained above, Jones makes no such allegations. The Court, therefore, will grant AHMC's motion to dismiss.

### III. JONES'S EMERGENCY MOTION (ECF No. 20)

Finally, Jones filed an emergency motion for an order against AHMC because AHMC "is illegally refusing to allow the Plaintiff to retrieve her personal property" and is denying Jones "recovery of the Plaintiff's repossessed vehicle." (ECF No. 20, at 1.) On November 9, 2022, AHMC repossessed her car. Jones asserts that she "is willing to pay the full balance to the repossession company as we continue to proceed with the case." (*Id.*) Jones asks that "the Court allow [her] to retrieve the vehicle and to stop the Defendant from accruing interest on the vehicle while in storage and out of Jones's possession, as Plaintiff is trying to remedy the situation to bring the balance back to current as we conclude and continue our court case and hearing." (*Id.* at 3.) AHMC contends that the Retail Sales Installment Contract allows it to repossess the car, and that it followed Virginia law in doing so. Because the Court will grant AHMC's motion to

dismiss, the Court will not "continue to proceed with the case." (*Id.* at 1.) Accordingly, the Court will deny Jones's emergency motion as moot.

## III. CONCLUSION

For the foregoing reasons, the Court will deny the parties' motions to strike. Because the right of recission under TILA and Regulation Z does not apply to Jones's car purchase, the Court will grant AHMC's motion to dismiss. Finally, because the Court will dismiss Jones's complaint, the Court will deny as moot Jones's motion for an order against the defendants to allow her to pay the defendants what she currently owes on the car for the duration of the litigation.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the *pro se* plaintiff.

Date: <u>6 February 2023</u>
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge